ASSUMPSIT on a promissory note for three hundred and four dollars and ten cents between the parties to it. It was put in evidence.
John W. Rice, one of the firm of John V. Rice Co., the defendants, offered himself as a witness for the defendants.
Higgens for the plaintiff, objected to his competency as a witness for the defendants on the ground that this suit was instituted before the passage of the recent statute making parties to *Page 476 
suits competent witnesses in them, but not in suits pending when it was enacted. This suit was brought in the first instance to the preceding term of this court, but the summons was returned non est at that term and an alias summons was thereupon issued in the suit and returned served, and the defendants appeared at the next term which was after the passage of the statute.
Rice for the defendants. That was not enough. The vital word employed in the statute is the particular word pending, and it is settled law that a suit at law is not pending until at least, the defendant has appeared to it.
The Court held that the suit was commenced when the summons in the case was issued under the seal of the court to the sheriff, and as that was regularly followed on its return non est at the first term to which it was returnable, by an alias summons to the next term which was served and to which the defendants appeared, it was the continuance of one and the same suit from the commencement of it, and according to established law and practice here the court had jurisdiction of the suit and the cause of action at least, as far as the plaintiff could give it, if not of the defendants until they appeared, in order that it might in this mode compel their appearance, or at least, obtain service of a summons upon them. And we therefore think that the suit must be considered under these circumstances to have commenced on the day the first summons was issued, and was consequently pending in the language and meaning of the statute when it was enacted, for we have no idea that the legislature or the people generally, or even members of the legal profession in general employ that term ordinarily in any such technical or peculiar sense as has been contended for by counsel for the defendants. On the contrary, in its ordinary and common signification a suit once commenced is said to be pending until it is ended, or gets out of the court in some way or other. The witness, we therefore think, is incompetent in this case under the statute. *Page 477